UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EDIBERTO GARCIA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-344-RLM |
| | ) | ARISING OUT OF 3:03-CR-20-RLM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION and ORDER

In 2004, Ediberto Garcia entered into a plea agreement with the government in which he agreed to plead guilty of one count of aiding and abetting a conspiracy to distribute marijuana (in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2) in exchange for the government dropping two other counts and the government's recommendation of a sentence at the low end of the guidelines range. The court found Mr. Garcia to be a career offender (U.S.S.G. § 4B1.1, 2004 edition) and this led to an increase in the guidelines sentencing range. Mr. Garcia says that neither he nor the government expected the career offender status. The court of appeals dismissed Mr. Garcia's direct appeal in 2005, noting that he had waived his right to appeal in the plea agreement and he hadn't argued an exception to that waiver. Mr. Garcia has now filed a motion under 28 U.S.C. § 2255 that takes issue with the application of his career offender status.

Mr. Garcia suggests that the holding in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, which the Supreme Court issued on June 14, 2010, announces a new rule that both applies to him and is retroactively applicable on collateral review. In Carachuri-Rosendo, the Court considered a case in which the defendant had been convicted of a second instance of simple possession, which, under federal law, could have been enhanced to an aggravated felony because he had a prior conviction, but wasn't enhanced by the state court that tried him. When the federal government sought to revoke his status as a lawful permanent resident, it based the revocation on Mr. Caruchuri-Rosendo's second simple possession conviction, theorizing that the crime could have been tried as an aggravated felony even though it wasn't. The Supreme Court denied the hypothetical approach and said, "[T]he defendant must also have been actually convicted of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal." Carachuri-Rosendo v. Holder, 130 S.Ct. at 2589.

This holding doesn't apply to Mr. Garcia. The two prior crimes that were used to determine Mr. Garcia's career offender status were a conviction of felonious assault with physical harm and a conviction of aggravated drug trafficking, both in Ohio. Mr. Garcia now contends that Carachuri-Rosendo

stands for his assertion that the court shouldn't have counted the aggravated drug trafficking conviction as a prior drug trafficking crime. This extends the Carachuri-Rosendo holding too far. That case only says that courts can't later rely on what *could have been charged*, they can only rely on crimes that actually were charged and ended in conviction. When the court applied the career offender status to Mr. Garcia, it wasn't relying on a theory that he had committed a crime that was potentially an aggravated drug crime; the court relied only on the fact of Mr. Garcia's actual conviction. Mr. Garcia was convicted of aggravated drug trafficking and the court used this felony drug trafficking conviction to make the career offender finding. U.S.S.G. § 4B1.1.

The Guidelines Manual, § 4B1.2 defines a controlled substance offense as including state convictions that deal with controlled substance trafficking and are punishable by imprisonment of at least one year. In Ohio, a conviction for aggravated trafficking in drugs is, at a minimum, a fourth degree felony. Ohio Rev. Code § 2925.03. Fourth degree felonies are punishable by a term of between six and eighteen months in prison, Ohio Revised Code § 2929.14, and Mr. Garcia received an eighteen-month sentence for his crime. The career offender status applies as much today as it did at the time of sentencing and the holding in Carachuri-Rosendo has no application to Mr. Garcia.

Mr. Garcia's motion also doesn't appear to be timely. While § 2255 allows motions to be made within one year of the court announcing a new constitutional right, § 2255(f)(3), this year begins when the Court announces the right, not when it makes the right applicable retroactively. Dodd v. United

States, 545 U.S. 353, 358 (2005). Mr. Garcia did not bring this action within one year of the June 10, 2010 release of the Carachuri-Rosendo decision, however, it appears that Mr. Garcia has lost nothing because the holding doesn't apply to him.

Mr. Garcia has asked the court to appoint counsel to assist him with this matter. While the court has the power to appoint counsel for § 2255 motions, it must do so only when the interests of justice demand it. 18 U.S.C. § 3006A(a)(2). Mr. Garcia hasn't shown that an appointment of counsel would further the interests of justice.

The court DENIES Mr. Garcia's motion under 28 U.S.C. § 2255 and DENIES Mr. Garcia's request to appoint counsel. Doc. No. 70.

SO ORDERED.

ENTERED: August 6, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court