UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDIBERTO GARCIA, )<br>)<br>PETITIONER, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>RESPONDENT. ) | CAUSE NO. 3:12-CV-344-RLM<br>ARISING OUT OF 3:03-CR-20-RLM |

OPINION and ORDER

In 2004, Ediberto Garcia pleaded guilty to aiding and abetting a conspiracy to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. The court found Mr. Garcia to be a career offender, U.S.S.G. § 4B1.1 (2004 ed.), and sentenced him in February 2005 to 188 months imprisonment. In August 2012, the court denied Mr. Garcia's motion under 28 U.S.C. § 2255 challenging his career offender status based on his argument that the holding of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), would alter his status as a career offender. Carachuri-Rosendo established that courts can rely only on actual convictions and not on crimes that could have been charged to determine if an individual is eligible to seek cancellation of their removal from the country. Id. at 2589. This court found the holding inapplicable to Mr. Garcia because his career offender status was based on two actual convictions in Ohio state court – felonious assault with physical harm and aggravated drug trafficking – and so denied Mr. Garcia's §

2255 motion. In October 2012, the court denied Mr. Garcia's motion to alter or amend its order denying his § 2255 motion pursuant to Federal Rule of Civil Procedure 59(e). Mr. Garcia argued that the presentence report used in his sentencing contained an error because he hadn't been convicted of aggravated drug trafficking, one of the convictions used to determine his career offender status. The court held that Mr. Garcia hadn't produced or cited sufficient evidence to support his claim, and so he hadn't demonstrated a manifest error of fact that would support his motion to alter the court's denial of his § 2255 motion.

Mr. Garcia has filed what he calls an independent action for relief from the February 16, 2005 criminal judgment, pursuant to Federal Rule of Civil Procedure 60(d)(1), challenging his conviction for felonious assault with physical harm, the second offense in his criminal history that established his career offender status. Under Rule 60(d)(1), the court has the authority to "entertain an independent action to relieve a party from a judgment, order, or proceeding" notwithstanding the other Rule 60 provisions. FED. R. CIV. P. 60(d)(1). A subsequent § 2255 motion, however, can't be disguised as a Rule 60(d)(1) motion. *See* Lawuary v. United States, 669 F.3d 864, 866 (7th Cir. 2012). In the parallel 28 U.S.C. § 2254 context, the Supreme Court held that a habeas petitioner's Federal Rule of Civil Procedure 60(b) motion that asserts a § 2254 claim must be treated by the court as a successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 530-531 (2005). Accordingly, "a Rule 60 motion that presents a claim for release from prison" and follows an order

denying either a § 2254 or § 2255 motion "should be treated the same way as a new petition for collateral relief." Lawuary v. United States, 669 F.3d 864, 866 (7th Cir. 2012); *see also* Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.").

Mr. Garcia contends that he has new evidence that his 1986 conviction for felonious assault with physical harm was dismissed, and he was innocent of the charge. Mr. Garcia submitted one page from a November 18, 1986 letter, presumably from his counsel, John F. Potts, whose name appears on the letterhead, a December 30, 1986 motion for remand filed by Dean P. Mandross, Assistant Prosecuting Attorney for Lucas County, Ohio, and a page of the docket sheet for CR-86-6103, the felonious assault with physical harm cause number from Ohio state court. According to Mr. Garcia, and corroborated by the motion for remand, another individual, Walter Jackson Whitten, Sr., pleaded guilty to the assault and, at the time of his plea, stated that Mr. Garcia wasn't involved in the assault. As a result, Mr. Garcia claims he "entered a guilty plea for a less included offense from the felonious assault with physical harm and agreed on motion for shock probation." The July 17, 1987 docket entry for CR-86-6103 states:

> Hearing had. Defendant withdrew his motion for new trial and the pending appeal. Motion for shock probation; granted. It is the Order of the Court that the defendant be placed on probation for

the period of five years. In addition to other terms and conditions of probation, he is ordered not to have any contact with the victim in this case, John Kidd.

Mr. Garcia also submitted a Certification of Incarceration from the State of Ohio Department of Rehabilitation and Correction that states "Suspended Sentence – 07/17/1987" for his release date for cause numbers CR-86-6103 and CR-85-6371. The presentence report noted that on July 17, 1987, Mr. Garcia's sentence for felonious assault with physical harm was modified to five years shock probation and no contact with the victim.

To bring a successive § 2255 motion, a prisoner must satisfy the requirements of § 2255(h). 28 U.S.C. § 2255. Under § 2255(h), a successive § 2255 motion must be certified by the court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Mr. Garcia's 60(d)(1) motion offering allegedly newly discovered evidence, regardless of the caption, is a second, or third,[1] § 2255 motion. The motion hasn't been certified by the court of appeals, as it must be for a successive § 2255 motion, so this court lacks jurisdiction to consider the motion or the new evidence. *See* <u>Best v. United States</u>, 2:00-CR-171, 2010 WL 3782160, at *3 (N.D. Ind. Sept. 22, 2010); <u>United States v. Turner</u>, 3:03-CR-22,

---

[1] Mr. Garcia's motion to alter or amend the court's order denying his § 2255 motion under Federal Rule of Civil Procedure 59(e) was effectively a second § 2255 motion.

2010 WL 4917071, at *1 (N.D. Ind. Nov. 23, 2010); United States v. Turner, 3:03-CR-22, 2011 WL 65779, at *2 (N.D. Ind. Jan. 7, 2011).

For the foregoing reasons, the court DISMISSES Mr. Garcia's Rule 60(d)(1) independent action for relief from the February 16, 2005 criminal judgment (Doc. No. 77) for lack of jurisdiction.

SO ORDERED.

ENTERED: <u>May 30, 2013</u>

<u>    /s/ Robert L. Miller, Jr.    </u>
Judge
United States District Court